JUDGE SCHOFIELD



13 CIV 2678

PREET BHARARA
United States Attorney
Southern District of New York
By:   LI YU
        CARINA H. SCHOENBERGER
        EMILY E. DAUGHTRY
        Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel. Nos. (212) 637-2734/2822/2777
Fax Nos. (212) 637-2717/2702
Li.Yu@usdoj.gov
Carina.Schoenberger@usdoj.gov
Emily.Daughtry@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                   Plaintiff,

     -against-

THE JOHN BUCK COMPANY, LLC; BUCK
DEVELOPMENT LLC; BUCK 92nd/1st
LLC; BUCK INVESTORS I, LLC; 92nd &
FIRST RESIDENTIAL TOWER LLC; THE
JBC ACQUISITION & DEVELOPMENT
FUND I, LP; SLCE ARCHITECTS LLP; and
RIVEREAST APARTMENTS INVESTORS,
LLC,

                   Defendants.

ECF CASE

**COMPLAINT**

13 Civ. ____

Plaintiff United States of America (the "United States") alleges as follows:

1.    This action is brought by the United States to enforce the Fair Housing Act, Title VIII

of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of

1988 (the "Fair Housing Act" or the "Act"), 42 U.S.C. §§ 3601-3619.  As set forth in

full below, the United States alleges that Defendants The John Buck Company, LLC,

Buck Development LLC, Buck 92nd/1st LLC, Buck Investors I, LLC, 92nd & First

Residential Tower LLC, the JBC Acquisition & Development Fund I, LP, and SLCE Architects LLP (collectively, the "Design and Construction Defendants"), the developers and architects of River East, a residential apartment complex in Manhattan, have unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct River East so as to be accessible to persons with disabilities.   Defendant River East Apartments Investors, LLC ("Owner Defendant") is a necessary party for the purpose of effectuating complete relief.

### Jurisdiction and Venue

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the claims alleged in this action arose in the Southern District of New York, and concern or otherwise relate to real property located in this District.

### The Property

4.  River East is a residential apartment building located at 408 East 92nd Street in New York, New York.   The complex consists of a tower with elevator access and contains 196 dwelling units, as well as public and common use areas including a sundeck and a multi-purpose club room.

5.  The rental units at River East are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

6.  River East was designed and constructed for first occupancy after March 13, 1991. All of the residential units are "covered multifamily dwellings" within the meaning of

2

42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.21.   The complex is subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(a), (c).

### The Defendants

7.   The John Buck Company, LLC, a Delaware limited liability company (successor to The John Buck Company), Buck Development LLC, an Illinois limited liability company, Buck 92nd/1st LLC, a Delaware limited liability company, Buck Investors I, LLC, a Delaware limited liability company, 92nd & First Residential Tower LLC, a Delaware limited liability company, and the JBC Acquisition & Development Fund I, LP, a Delaware limited partnership (collectively, the "John Buck Entities" or the "Construction Defendants"), are the builders and/or developers of River East, and, in those capacities, constructed the complex.   Specifically, the John Buck Entities retained the entity that constructed the complex.

8.   SLCE Architects LLP ("SLCE") is a New York registered limited liability partnership that drew the architectural plans for River East and, in that capacity, designed the complex.

9.   River East Apartments Investors LLC is a Delaware limited liability company (the "Owner Defendant") that owns River East and is a necessary party for the purposes of equitable relief.

### The Design and Construction Defendants' Certification of Purported Compliance with the Fair Housing Act

3

10.    On December 5, 2001, the United States filed a complaint against defendant The John

Buck Company in the United States District Court for the Northern District of Illinois,

entitled *United States v. The John Buck Company*, 01 C. 9277 (N.D. Ill.).   The

complaint alleged that defendant violated the design and construction provisions of the

Fair Housing Act.   Specifically, the complaint alleged that The John Buck Company

built a multifamily dwelling in Evanston, Illinois, but that The John Buck Company

failed to design and construct the dwelling so as to be accessible to persons with

disabilities.

11.    On or about September 18, 2002, the United States and defendant The John Buck

Company entered into a consent decree in the action, *United States v. The John Buck*

*Company*, 01 C. 9277 (N.D. Ill.).   The consent decree enjoined defendant The John

Buck Company, "their officers, employees, agents, successors, and assigns and all

other person in active concert or participation with them," "for a period of five (5)

years," "from discriminating on the basis of disability as prohibited by the Fair

Housing Act" and its design and construction provisions.   The consent decree further

required that, for the same period, The John Buck Company submit to the United

States "a statement from any architect involved" with the design and construction of

housing covered by the Fair Housing Act, "acknowledging and describing his or her

knowledge of and training in the requirements of [the Act] and in the field of

accessible design and certifying that he/she has reviewed such plans and that the plans

include design specifications that comply with the requirements of the Act.

12.    In April 2003, The John Buck Company contacted the Office of the United States

4

Attorney for the Northern District of Illinois to provide information regarding the design and construction of River East.   The Office of the United States Attorney for the Northern District of Illinois informed The John Buck Company of accessibility problems in the proposed design of River East.

13.  By letter dated January 6, 2004, defendant SLCE contacted the Office of the United States Attorney for the Northern District of Illinois to provide information regarding the design and construction of River East.   The letter contained a certification, which certified that: "SLCE Architects have designed and overseen construction of thousands of multiple dwelling units which comply with the Accessibility Requirements applicable to that project's location and was designed by registered architects to conform with the 42 U.S.C. Sec. 3604(f)(3), as required."

### Inaccessible Features of River East

14.  The Design and Construction Defendants failed to design and construct River East so as to be accessible to persons with disabilities.

15.  The Design and Construction Defendants failure to design and construct River East so as to be accessible to persons with disabilities caused, among others, the following inaccessible conditions at River East:

- Inaccessibility of terraces within apartment units to persons with mobility impairments;

- Inaccessibility of kitchen and bathroom electrical outlets to persons with mobility impairments;

- Insufficient clear floor space within bathrooms for maneuvering at lavatories and toilets;

- Impediments to installation of bathroom grab bars;

- Common area doors requiring more than five pounds of force to open;

- Common area door hardware unusable by persons with certain disabilities;

- Inaccessibility of common area bathrooms to persons with mobility impairments;

- Inaccessibility of common area kitchens to persons with mobility impairments;

- Inaccessibility of mailboxes to persons with mobility impairments;

- Inaccessibility of trash rooms to persons with mobility impairments;

- Inaccessibility of leasing office to persons with mobility impairments;

16. The Design and Construction Defendants designed River East in the manner described above, despite the injunction of the consent decree in *United States v. The John Buck Company*, 01 C. 9277 (N.D. Ill.).

17. The Design and Construction Defendants designed River East in the manner described above, contrary to the certification of SLCE.

18. The Design and Construction Defendants designed River East in the manner described above, despite having been advised by the Office of the United States Attorney for the Northern District of Illinois that the building would be inaccessible if built according to the Design and Construction Defendants' stated plans.

19. The Design and Construction Defendants designed and constructed River East in the manner described above, in violation of applicable State and local accessibility

requirements, including New York City Local Law 58.

### Fair Housing Act Claims

20.    Plaintiff re-alleges and incorporates by reference the allegations set forth in
paragraphs 1-19 above.

21.    The Design and Construction Defendants violated 42 U.S.C. § 3604(f)(3)(C) by
failing to design and construct River East in such a manner that:

      a.    the public use and common use portions of the dwellings are readily
accessible to and usable by persons with disabilities; and

      b.    all premises within such dwellings contain the following features of
adaptive design:

          i)    an accessible route into and through the dwelling;

          ii)    light switches, electrical outlets, thermostats, and other
environmental controls in accessible locations;

          iii)    reinforcements in bathroom walls to allow later installation of
grab bars; and

          iv)    usable kitchens and bathrooms, such that an individual using a
wheelchair can maneuver about the space.

22.    The Design and Construction Defendants, through the actions and conduct referred to
in the preceding paragraph, have:

      a.    Discriminated in the sale or rental of, or otherwise made unavailable or
denied, dwellings to buyers or renters because of a disability, in
violation of 42 U.S.C. § 3604(f)(1);

7

b.   Discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2); and

c.   Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C).

23.   The conduct of the Design and Construction Defendants described above constitutes:

a.   A pattern or practice of resistance to the full enjoyment of rights granted by the FHA, 42 U.S.C. §§ 3601-3619; and/or

b.   A denial to a group of persons of rights granted by the FHA, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

24.   Persons who may have been the victims of the Design and Construction Defendants' discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries as a result of Defendants' conduct described above.

25.   The Design and Construction Defendants' discriminatory actions and conduct described above were intentional, willful, and taken in disregard for the rights of others.

### Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

1.   Declares that the policies and practices of the Design and Construction Defendants, as

8

alleged in this complaint, violate the Fair Housing Act;

2.     Enjoins the Design and Construction Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

      a.     Failing or refusing to retrofit the dwelling units and public use and common use areas at River East to bring them into compliance with 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205;

      b.     Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by the Design and Construction Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

      c.     Designing and/or constructing any covered multifamily dwellings in the future that do not contain the accessibility and adaptability features required by 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205; and

      d.     Failing or refusing to conduct a compliance survey at River East to determine whether the retrofits ordered in paragraph 2(a) were made properly.

3.     Enjoins the Owner Defendants from engaging in conduct that denies access to the common and public use areas and the covered multifamily dwellings under its ownership or management, or denies the taking of any other action appropriate, to ensure that retrofits required to bring the common and public use areas and all the covered multifamily dwelling into compliance with the accessibility provisions of the

Fair Housing Act be done in a prompt and efficient manner.

4.   Awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to

each person harmed by the Design and Construction Defendants' discriminatory

conduct and practices; and

5.   Assesses a civil penalty against each of the Design and Construction Defendants in the

maximum amount authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R.

§ 85.3(b)(3) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

Dated: New York, New York

_April 23_, 2013

ERIC H. HOLDER, JR.
Attorney General of the United States

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

PREET BHARARA
United States Attorney

By:

LI YU
CARINA H. SCHOENBERGER
EMILY E. DAUGHTRY
Assistant United States Attorneys

86 Chambers Street, 3rd Floor
New York, New York   10007