USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
UNITED STATES OF AMERICA, :
                               Plaintiff, :
: 13 Civ. 2678 (LGS)
     -against- :
: **OPINION AND ORDER**
THE JOHN BUCK COMPANY, LLC, et al., :
                             Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

The John Buck Company ("JBC") moves to enforce the terms of a settlement agreement that it entered into with SLCE Architects, LLP ("SLCE"). For the following reasons, the motion is denied.

## I. BACKGROUND

On April 23, 2013, the United States of America brought this action against a number of Defendants, including JBC and SLCE, to enforce provisions of the Fair Housing Act related to Defendants' failure to design and/or construct the River East apartment building with accessible and adaptive design features. On June 3, 2013, the parties notified the Court that they had reached a proposed settlement of the case. The parties submitted a signed Consent Order, which was endorsed by the Court on June 10, 2013. Under the terms of the Consent Order, Defendants agreed to make retrofits at River East and have those retrofits approved by a neutral inspector, along with creating a settlement fund for aggrieved persons and paying a civil penalty.

In the event that less than the total amount of the settlement fund was distributed to aggrieved persons "after the United States determine[d] that no further aggrieved persons [would] be identified," the remainder of the settlement fund was to be distributed to a qualified organization. The Consent Order provides that the Court retained jurisdiction to enforce its

terms for the duration of the Order.  By its terms, the Consent Order expired on June 11, 2016.

The Consent Order did not allocate the costs of providing retrofits among the Defendants, but it did specify that "other than for the funding of the [s]ettlement [f]und, civil penalty and the [i]nspector's reasonable costs," SLCE's responsibilities would be "limited to providing reasonably necessary architectural services and drawings to the other Defendants to accomplish the modifications specified herein."  The Consent Order also expressly provides that the amount of the settlement fund and civil penalty paid for by each party shall be allocated among the Defendants by separate agreement.

In conjunction with the Consent Order, JBC and SLCE entered into an undated supplemental settlement agreement (the "Agreement").  As is relevant here, the Agreement provides that SLCE will pay JBC one third of "all costs" for the construction of a majority of the required retrofits in addition to rendering any architectural services necessary to accomplish the retrofits.  The Agreement further provides that the "Court shall retain jurisdiction for the duration of the CONSENT ORDER and this Agreement and that any default under this [A]greement may be enforced by this Court."  The Agreement was not submitted to the Court for approval.

On June 21, 2016, the United States moved for disbursement of remaining settlement funds to a cy pres organization.  The United States noted that it was able to determine that no aggrieved persons would be identified because the Consent Order had expired and, with it, the period for submitting claims.  The requested disbursement was approved on July 5, 2016.

On November 16, 2016, JBC moved to compel SLCE to comply with the terms of Agreement.  According to JBC, while SLCE paid it one third of the "cost of the base construction work," SLCE did not pay for additional costs incurred during the retrofit construction and inspection.  JBC seeks $17,885.05 plus interest for these costs.  JBC states that

it has requested payment on numerous occasions since December 3, 2015, but has not received any of the funds it is owed.

## II. DISCUSSION

A district court does not have jurisdiction to enforce a settlement agreement when "it does no more than 'so-order' a stipulation and order of dismissal that dismisses the complaint after settlement without 'so much as refer[ing] to the settlement agreement.'" *A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 78 (2d Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–77) (1994)). "The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision . . . or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381; *accord Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). "In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 381.

Here, the Agreement was never submitted to the Court, and the Court "so-ordered" the Consent Order without reference to, or knowledge of, the terms of the Agreement. The Court consequently lacks jurisdiction to enforce it. JBC argues without success that the Court has ancillary jurisdiction to enforce the Agreement because the endorsed Consent Order incorporates the terms of the Agreement. While the Consent Order makes passing reference to an agreement in the context of the settlement fund and civil penalty, it makes no reference to an additional agreement affecting the terms of the parties' obligations to retrofit River East. This is insufficient to confer jurisdiction on the Court to enforce the Agreement. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) (where court order merely acknowledges the

3

existence of a settlement that precipitated the dismissal of litigation, it "does not expressly retain jurisdiction over enforcement of the agreement, nor does it incorporate any of the terms of that agreement").

The Agreement, which the Court did not approve, provides for different and additional terms than those included in the Consent Order, which the Court did approve. While the Consent Order provides that SLCE would not be responsible for funding the construction of the required retrofits, the Agreement requires SLCE to contribute one third of "all costs" for the construction of a majority of the required retrofits. The Consent Order cannot have incorporated the provisions of the Agreement that deal with payment for retrofit construction when the two agreements have contradictory terms and the Consent Order does not reference the Agreement with respect to the breakdown of retrofit payment responsibilities.

Even if the Agreement were incorporated into the Consent Order, the Agreement would not be enforceable. While a district court has "continuing authority" to enforce the terms of a consent decree, that authority does not "extend to grant a court jurisdiction over a consent decree that, by its express terms, has expired." *United States v. N.Y.C. Dist. Council of N.Y.C.*, 229 F. App'x 14, 18 n.5 (2d Cir. 2007) (citing *E.E.O.C. v. Local 40, Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers,* 76 F.3d 76, 80 (2d Cir. 1996)); *accord J.G. ex rel. Mrs. G. v. Bd. of Educ. of Rochester City Sch. Dist.*, 53 F. App'x 157, 158 (2d Cir. 2002). Here, the Consent Order expired over five months before JBC moved to enforce the Agreement. The Court thus lacks jurisdiction over the Consent Order as well.

JBC argues that the Court must have jurisdiction to enforce the Consent Order because the Court approved disbursement of settlement funds following the Order's expiration date. However, it was the expiration of the Consent Order that permitted the disbursement of funds to

4

begin with -- it was only after the deadline for submission of claims ended that the government conclusively determined that no aggrieved persons would be identified. The disbursement of the settlement funds to a cy pres organization does not grant the Court jurisdiction to enforce the terms of the Agreement.

As this Court lacks jurisdiction to enforce either the Agreement or the Consent Order, JBC may not bring its enforcement action here.

## III. CONCLUSION

For the foregoing reasons, JBC's motion for to enforce the terms of the Agreement is DENIED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 16.

Dated: May 11, 2017
   New York, NY

                 _____
                   LORNA G. SCHOFIELD
                  UNITED STATES DISTRICT JUDGE